IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE GEORGE, # 213605,     )<br>                                                              )<br>     Petitioner,                                    )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>LEEPOSEY DANIELS, *et al.*,                )<br>                                                              )<br>     Respondents.                                 ) | Civil Action No.<br>2:16cv212-WHA<br>           (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition filed by Michael Wayne George ("George"), a state inmate incarcerated at Staton Correctional Facility in Elmore, Alabama. (Doc. 1). George challenges the constitutionality of his life sentence imposed in October 2000 by the Circuit Court of Jefferson County following his conviction for murder. He argues that his sentence "violates equal protection of law, Cruel and Unusual Punishment, and Procedural and Substantive Due Process, whereas he has a sentence equal to life without the possibility of parole." *Id*. at 1.

**DISCUSSION**

A state prisoner seeking to challenge the validity and execution of his conviction or sentence must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Cook v. Baker,* 139 F. App'x 167, 168 (11th Cir. 2005); 28 U.S.C. § 2254(a). *See also, e.g., Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). Thus, George's petition should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

An action under § 2254 may be filed in either "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *Id*. George challenges a sentence entered by the Circuit Court of Jefferson County, Alabama. Jefferson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. This court concludes that the transfer of this case to such other court for hearing and determination is appropriate.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **April 14, 2016.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

---

[1] A decision on George's application for *in forma pauperis* status (Doc. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of March, 2016.

       /s/Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE